ODENBAUGH *v.* ST. LOUIS SOUTHWESTERN RAILWAY
COMPANY, ET AL.

4-5188                                                    120 S. W. 2d 713.

Opinion delivered October 31, 1938.

*Peyton D. Moncrief, A. G. Meehan* and *John W. Moncrief,* for appellant.

*Lamb & Barrett,* for appellee.

GRIFFIN SMITH, C. J.  Appellant sued on account of personal injuries received while undertaking to move a freight car through use of a clawbar.  It is alleged that the clawbar was not a proper tool to be used in the manner appellant was directed to apply it; that correct procedure called for use of a moverbar; that the clawbar slipped from the steel rail and car wheel because grass was on the track; that the foreman, Cox, had negligently failed to bring a moverbar to the place of work; that Cox

was in charge of all work assigned to appellant and other members of the section crew; that it was the foreman's duty to see that proper tools and appliances were supplied, to examine the tracks in the interest of safety; and, generally, to see that the places where work was to be done, and the tools with which work was to be performed, were reasonably safe, etc.

In explanation of the manner in which the freight car was being moved at the time appellant was injured, he said: ''There are three methods for moving such cars; by pushing with an engine, by pinching with crow-, claw-, or pinchbar, and by pushing with a carmover or carpusher. . . . The pinchbar is simply used by pushing it under the wheel and allowing it to rest on the rail, and then the workman bears the other end of the bar. . . . The pinchbar or crowbar is a safe tool when used on a dry rail which has no foreign substance on it. . . . The car-mover or car-pusher is a safe instrument for use for this purpose even though the rail is damp or slippery, or even though it has a foreign substance on it. This is due to the shape of the shoe of the car-mover, and also due to the fact that the sharp blade, when pressure occurs on handle, binds and adheres to the rail.''

Appellant contends that ''Defendants knew, or by the exercise of ordinary care should have known, the condition of the track at the point where plaintiff was working and the existence of vegetation and foreign substance at that point, and should have furnished a different tool for work when and where such vegetation and foreign substances were present. Defendant should have advised plaintiff of the presence of vegetation and foreign substances at that point, but negligently failed to do so.''

In his testimony appellant says that Cox, the foreman, told him to ''get the other bar; he wanted the car moved up a little farther. He said, 'Get the other bar off the motor car.' That was the bar Mr. Cox put on the motor car. It was the only bar left on the motor car at that time.''

Appellant insists that he did not see the grass on the track, and that if he had been using a "moverbar" the accident would not have occurred.

On cross-examination appellant admitted that a car-mover, or "moverbar," was not a part of the regular equipment of a section crew; although, he insisted, "He had them out there." Admitted he knew grass and weeds would grow upon the right-of-way, or between the rails and tracks, and knew that for fifteen miles the railroad property had been burned off the preceding fall. He had been working on sections for fifteen years. Asked if he didn't have just as good an opportunity as anyone else to see the grass, appellant replied: "Yes, sir, except the grass under the wheels: I couldn't see that."

As a matter of law, appellant assumed the risk. While it is true, as appellees say, that there may be liability where injuries are sustained in consequence of work engaged in by young or inexperienced employees if the master, knowing that a place or an instrumentality is dangerous, directs such servant to work in the place of danger, or to work with dangerous tools, and the servant does not know of the risks, these rules are not applicable to the instant case for the reason that the servant was neither young, inexperienced, unfamiliar with the place where work was to be performed, nor a stranger to the particular tool supplied him. Appellees were not insurers of appellant's safety. Their only duty was to furnish him a reasonably safe place in which to work, and reasonably safe tools to use. It is not argued that the pinchbar, *per se,* was not safe. The insistence is that the circumstances in which it was being used gave rise to an extraordinary duty upon the part of appellees to see that no blades of grass or other foreign substances had grown along the track in such manner as to become engaged when the car wheels were in motion. Appellant, as easily as anyone else, could have looked in front of the car trucks before applying the pinchbar, and had he done so the so-called danger would have been revealed.

Conditions creating liability, and elements contributing thereto, are absent, and the trial court properly instructed for defendants.

Affirmed.